THACHER PROFFITT & WOOD LLP
50 Main Street
White Plains, New York 10606
Kevin J. Plunkett
Darius P. Chafizadeh
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GUARDIAN NEWS, INC. and SELIM ZHERKA,<br><br>Plaintiffs,<br><br>-against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOE'S #1 to #20, Individually, and SANITATION WORKERS #1 to #20,<br><br>Defendants. | ECF Case<br><br>07 Civ. 07078 (CLB)<br><br>**AFFIDAVIT OF CHARLES GARDNER IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

STATE OF NEW YORK      )
                                           ) ss.:
COUNTY OF WESTCHESTER  )

**CHARLES GARDNER**, being duly sworn, states the following under penalty of perjury:

1. I am First Deputy Chief of the City of Yonkers Police Department ("YPD") and Commanding Officer of the Field Services Bureau, the largest bureau of the YPD encompassing the four patrol precincts (i.e., uniform patrol).

2. I have been a police officer with the YPD since 1979 and Deputy Chief since August 2000.

3. I submit this affidavit in opposition to the motion of Plaintiffs The Guardian News, Inc. (the "Guardian") and Selim Zherka ("Zherka") (collectively, the Guardian and Zherka will be referred to herein as "Plaintiffs"), seeking a preliminary injunction barring Defendants from:

(i) confiscating any newsracks placed by the Guardian on city-owned property in the City of Yonkers (the "City") for the distribution of <u>The Westchester Guardian</u> (the "Newspaper");

(ii) confiscating any copies of the Newspaper intended to be distributed on city-owned premises within the City;

(iii) threatening employees of the Guardian with arrest/incarceration for distributing the Newspaper within the City;

(iv) threatening Zherka with arrest/incarceration for distributing the Newspaper within the City;

(v) issuing to the Guardian employees and Zherka appearance tickets charging them with violating the City Charter for distributing the Newspaper; and

(vi) directing Defendants to forthwith return to Plaintiffs all confiscated newsracks and newspapers.

4. I submit this affidavit on my personal knowledge and upon information and belief, the sources of which are my personal involvement in this matter and the review of documents maintained by the YPD.

5. I submit this affidavit to provide the Court with a factual account of the YPD's involvement in this matter.

6. At the outset, it is my belief that YPD officers acted professionally in their dealings with those individuals who placed Guardian newsrack boxes on City streets and in City Hall and distributed the Newspaper in and around City Hall without permits.

7. As set forth herein, the YPD removed one box from a City street, two boxes from City Hall and issued summonses to individuals because the officers believed said conduct violated the Yonkers City Code.

8. In no way did any YPD officer act to suppress anyone's First Amendment rights. Rather, YPD officers acted to uphold the law and ensure that the placement of newsrack boxes and distribution of newspapers did not cause unsafe and hazardous conditions in the City.

### A. Guardian Newsrack Boxes in YPD's Possession

9. As an initial matter, it should be noted that the YPD is in possession of three Guardian newsrack boxes and is holding them for safekeeping and for evidence in pending City Court cases.

10. The YPD stands ready to return the three newsrack boxes in its possession to an employee of the Guardian upon the submission of proper identification. Photographs will be taken for evidentiary purposes.

### B. Actions of the YPD

11. The extent of the YPD's actions in relation to the instant lawsuit concern the removal and clerking of three Guardian newsrack boxes and, upon information and belief, the issuance of appearance tickets for violations of Yonkers City Code §§ 100-35 and 103-94. Copies of Yonkers City Code § 100-35 and § 103-94 are annexed hereto as Exhibit **A** and **B**, respectively.

(i) *July 12, 2007*

12. On or about July 12, 2007, Police Officer Richard Alaimo, Shield # 849, observed an individual placing a Guardian newsrack box on a City sidewalk in front of a bus

3

stop at 8 South Broadway. Copies of the Yonkers Police Department Crime Investigation Report (YPD #1) and Property and Evidence Unit Form are annexed hereto as Exhibit **C**.

13. Upon observing the placement of the Guardian newsrack box on a City sidewalk, Police Officer Alaimo asked if the individual had a permit for the box at which time this individual stated: "No just give me a ticket." See Exhibit **C**.

14. The individual was issued a summons for violating Yonkers City Code § 103-94.[1] A copy of the summons is annexed hereto as Exhibit **F**.

15. The YPD's actions related to the Guardian newsrack box left at the bus stop on July 12, 2007 (blocking pedestrian traffic) were reasonable and rational and based on compelling state interests to ensure that the health, safety and welfare of the residents of the City were not compromised. See accompanying Memorandum of Law.

16. If the Guardian seeks to place newsrack boxes on City streets it must do so in compliance with the Yonkers City Code.

   (ii) *July 17, 2007*

17. On or about July 17, 2007, a representative of the Guardian, a woman who identified herself Sunday, and her male boss, came to City Hall with two newsrack boxes.[2]

---

[1] It appears that Yonkers City Code § 103-94 would be subject to the provisions of Yonkers City Code § 33 et seq. A copy of Yonkers City Code § 33 et seq. is annexed hereto as Exhibit **D**. Upon further review, the newsrack box placed on the sidewalk may also be violative of Yonkers City Code § 33-4. Also, Yonkers City Code § 103-94 does not provide for a specific penalty. However, Yonkers City Code § 1-21 provides that violations not specifically delineated are Class II offenses. A copy of Yonkers City Code § 1-21 is annexed hereto as Exhibit **E**.

[2] It was later determined that Sunday's male boss was the Plaintiff, Mr. Zherka.

18. Police Officer Paul Wood, Shield # 427, informed Sunday and her male boss that newsrack boxes were not permitted in City Hall for safety and security reasons, but that the newspapers could be left on the desk.

19. It is a matter of routine that newspapers and similar material are permitted to be left at City Hall on the desk, but newsrack boxes are not.[3]

20. Accordingly, PO Wood indicated that the newspapers could remain, but that the boxes could not.

21. The two individuals would not take the boxes with them and challenged PO Wood to remove the two boxes. Accordingly, PO Wood removed the two boxes and vouchered them for safe keeping. A copy of the YPD Incident Report (YPD #2) and Property and Evidence Unit Form are annexed hereto as Exhibit **G**.

22. The YPD's actions related to the Guardian newsrack boxes left at City Hall on July 17, 2007 were reasonable and rational and based on compelling/substantial and important state interests to ensure that the health, safety and welfare of the residents of the City were not compromised. See accompanying Memorandum of Law.

23. If the Guardian seeks to leave newspapers in City Hall it can do so, but newsrack boxes are not permitted in City Hall as they could cause a potential security risk.

    (iii) *YPD Summonses*

24. On or about and between July 11, 2007 and August 1, 2007, YPD officers issued summonses to individuals (including the Plaintiff, Mr. Zherka) for violations of Yonkers City Code § 100-35 (Exhibit **B**). Copies of summonses are annexed hereto as Exhibit **H**.

---

[3] In today's world of heightened awareness we live in, boxes similar to the Guardian newsrack boxes, simply cannot be permitted to be left in City Hall for security reasons.

25. Specifically, it is alleged that these individuals were distributing the Newspaper in and around City Hall without a permit. See Exhibit **H**.

26. Because the area around City Hall is a public place, distributing said newspapers without a permit violates Yonkers City Code § 100-35. See Exhibit **H**.[4]

27. If Guardian employees wish to distribute newspapers in and around City Hall, they must comply with Yonkers City Code § 100-35.

C. **Conclusion**

28. The City and the YPD do not wish to inhibit anyone's right to speak or disseminate its message. However, the City has laws that must be complied with by everyone and every entity.

29. Since the filing of this lawsuit, on or about August 21, 2007, I issued an order that: (i) individuals distributing newspapers on public sidewalks that do not encumber or obstruct the sidewalk, were not to be ticketed; and (ii) individuals distributing newspapers in the street were to be directed to return to the sidewalk for safety reasons. A copy of the August 21, 2007 Order is annexed hereto as Exhibit **I**.

30. Finally, it is my belief that there is no need for this Court to issue an injunction. Indeed, Plaintiffs are permitted to distribute their newspapers in the City, but must do so in accordance with the law.

---

[4] Yonkers City Code § 100-35 must be read in conjunction with the Yonkers City Code § 100-31 et seq. (Exhibit A) wherein permits are required to sell newspapers within parks and other public places throughout the City.

WHEREFORE, based on the foregoing, Plaintiffs' motion for an injunction should be denied.

                                                                                           Charles Gardner

Sworn to this 20th day of September, 2007

Notary Public

FRANK J. RUBINO
Notary Public, State of New York
No. 03-4941313
Qualified in Bronx County
Commission Expires August 1, 2010