

# CITY OF YONKERS

## MEMORANDUM

TO: All Commands

FROM: First Deputy Chief Charles Gardner, Field Services Bureau

DATE: August 21, 2007

SUBJECT: Distribution of Newspapers on Public Sidewalks and Roadways

1. Upon the advice of the City Law Department NO Summons shall be issued for the distribution of newspapers on public sidewalks, as long as the people involved do not encumber or obstruct the public sidewalk.

2. In accordance with the provisions of Sections 1156 and 1157 of the N.Y.S. Vehicle and traffic Law, no persons shall walk along or upon a public roadway in order to distribute newspapers or solicit vehicle occupants to take their newspapers. Police Officers shall direct any persons doing so to return to the sidewalk for their own safety and that of the passing motorists. Any persons willfully failing to comply with such direction or order shall be given a City Ordinance Summons for a violation of Yonkers City Code Section 109-48, Obedience to Police. (Copy attached).

3. Any questions concerning this directive or its implementation shall be immediately directed by the ranking officer at the scene to the undersigned or the Duty Captain.

4. Copies of all summonses issued under this directive are to be forwarded the next morning to Field Services Bureau.

Charles Gardner
First Deputy Chief
Field Services Bureau

FSB #28-07

Part 2
Traffic Regulations

ARTICLE VI
Obedience to Traffic Regulations, Traffic Control Devices and Signals

§ 109-48. Obedience to police.

No person shall willfully fail or refuse to comply with any lawful order or direction of a police officer.

§ 109-49. Applicability to public officials and employees. [Amended 1-14-1997 by G.O. No. 1-1997]

A. The provisions of this chapter shall apply to the driver of any vehicle owned by or used in the service of the United States government and this state, county or city, or any political subdivision of this state, county or city or any city or state agency, and it shall be unlawful for any such driver to violate any of the provisions of this chapter except as otherwise permitted in this chapter or by state statute.

B. All parking and traffic regulations shall apply to all elected and nonelected public employees and officials including all employees and officials of the United States government, the state, all of its political subdivisions, including any county, city or other municipality, including the City of Yonkers, except if the driver and/or vehicle are performing an official government function and on a specific emergency or activity which required the noncompliance with the traffic or parking regulation which would be otherwise applicable. Such an exemption must be demonstrated in detail by submission of a sworn affidavit by the driver of the vehicle and/or owner thereof which sets forth a specific emergency or activity and the government function involved. The affidavit shall be substantially in conformance with those promulgated by the Parking Violations Bureau, in accordance with the "Official Business Defense" regulations also promulgated. Each affidavit must be reviewed and approved by a hearing officer or by the Director of the Parking Violations Bureau.

§ 109-50. Exemptions for authorized emergency vehicles.

A. The provisions of this chapter regulating the operation, parking and standing of vehicles shall apply to authorized emergency vehicles, as defined in this chapter, except as follows: A driver, when operating any such vehicle in an emergency, except when otherwise directed by a police officer, may:

   (1) Park or stand notwithstanding the provisions of this chapter.

   (2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation.

   (3) Exceed the prima facie speed limits so long as he does not endanger life or property.

## § 1156. Pedestrians on roadways

(a) Where sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.

(b) Where sidewalks are not provided any pedestrian walking along and upon a highway shall when practicable walk only on the left side of the roadway or its shoulder facing traffic which may approach from the opposite direction. Upon the approach of any vehicle from the opposite direction, such pedestrian shall move as far to the left as is practicable.

(L.1959, c. 775.)

### Historical and Statutory Notes

**Derivation.** Vehicle and Traffic Law of 1929, § 1156, added L.1957, c. 698, § 4; and repealed by Vehicle and Traffic Law § 2314.

Said section 1156 of the Vehicle and Traffic Law of 1929 was from subdivision 6 of section 85 of said 1929 Law added L.1930, c. 756, § 3; amended L.1933, c. 114; repealed L.1957, c. 698, § 5.

### Cross References

Definition of,
 Roadway, see Vehicle and Traffic Law § 140.
 Shoulder, see Vehicle and Traffic Law § 143-a.
 Sidewalk, see Vehicle and Traffic Law § 144.

### Notes of Decisions

Approach of vehicle 5
Children 6
Left side of roadway 3
Shoulder 4
Territorial application 1
Use of sidewalk 2
Width of divider 7

**1. Territorial application**

This section declaring it unlawful for pedestrian to walk on adjacent roadway where sidewalks are provided and may be used with safety is not effective in the City of New York. Barbosa v. Dean (1 Dept. 1976) 55 A.D.2d 573, 390 N.Y.S.2d 79, appeal denied 41 N.Y.2d 802, 393 N.Y.S.2d 1027, 362 N.E.2d 627.

**2. Use of sidewalk**

Actions of pedestrian in entering street in order to get into his automobile on the driver's side, in violation of this section making it unlawful for pedestrian to walk along roadway when sidewalks are provided, did not constitute negligence in and of itself; a causal connection was required between the negligence and injury to pedestrian struck by car before pedestrian could be found contributorily negligent. Heffernan v. Logue (4 Dept. 1972) 40 A.D.2d 1071, 339 N.Y.S.2d 225.

**3. Left side of roadway**

Ordinarily, when a pedestrian is walking on wrong side of thoroughfare in violation of subdivision 6 Vehicle and Traffic Law of 1929 § 85 [now this section], at time pedestrian was struck by motor vehicle, such fact may be considered by jury in determining question of contributory negligence. Smith v. Town of Orangetown, 1944, 57 F.Supp. 52, affirmed 150 F.2d 782, certiorari denied 66 S.Ct. 171, 326 U.S. 767, 90 L.Ed. 462.

who walked on shoulder of
n foggy, rainy night while
clothing instead of using
, were guilty of negligence
overy from state for inju-
hen they were struck by
mobile, even if state were
respect to design and re-
. Aschmutat v. State (3
A.D.2d 844, 209 N.Y.S.2d

was no sidewalk along
ay and only place where
ild walk was upon con-
t dirt shoulder which was
ring edge of concrete ex-
h of six or eight inches,
who failed to comply with
affic Law of 1929 § 85
n] was injured when she
ncrete onto dirt shoulder
proaching automobiles,
ian was guilty of contrib-
: was question of fact.
(3 Dept. 1939) 257 A.D.
29.

10 was struck from the
while returning to his
median of interstate ex-
not violated this section
trians to walk on the
faced the traffic, if it was
so, in that it would not
icable for pedestrian to
the shoulder facing the
order to do so, he would
to expose himself to the
r of crossing and re-
lated lanes of traffic.
1981, 110 Misc.2d 260,
2, affirmed 89 A.D.2d
.2d 383, affirmed 89
Y.S.2d 384.

ehicle

an was struck by auto-
king along left edge of
affic, and no reason ap-
r of automobile could
roided pedestrian, driv-
failing to do so, rather
failure to leave pave-
when automobile ap-
oximate cause of acci-
State, 1950, 199 Misc.
162.

### 6. Children

In determining whether 14-year-old pedestrian was contributorily negligent by walking with traffic instead of against it at the time she was fatally struck by defendant motorist, jury could take into consideration the age, experience and intelligence of the pedestrian. Quinn v. Sullivan County (3 Dept. 1975) 48 A.D.2d 965, 369 N.Y.S.2d 551.

In action for deaths of 14-year-old pedestrians who were struck by automobile while walking on shoulder of highway at night, requested charges that if pedestrians were walking on right side jury should find for defendants were properly refused for failure to explain that statute would apply only if jury should find that minors had mental capacity to understand its meaning and to comply therewith. Bauer v. Sharkey (1 Dept. 1964) 21 A.D.2d 645, 249 N.Y.S.2d 314, appeal granted 14 N.Y.2d 489, 253 N.Y.S.2d 1028, 202 N.E.2d 159, modified on other grounds 16 N.Y.2d 631, 261 N.Y.S.2d 74, 209 N.E.2d 116.

In action for injuries sustained by 8-year-old boy while walking on highway in direction traffic was moving, court properly charged that he was obliged to exercise only that degree of care that boy of his age would ordinarily exercise under the circumstances. Caloro v. Smith (3 Dept. 1948) 273 A.D. 927, 77 N.Y.S.2d 621, affirmed 298 N.Y. 808, 83 N.E.2d 859.

### 7. Width of divider

In action for injuries to driver who had departed from his automobile and was struck while walking on highway, court's presentation of special issue, whether plaintiff established that center divider was not wide enough so that plaintiff could walk or stand on it normally, was not improper as matter of law, but combination of presenting such interrogatory with failure of court to specifically make clear that plaintiff was not automatically contributorily negligent for walking partly in traffic lane even if divider was wide enough to walk on it completely was objectionable as possibly misleading jury to think that sole issue as to contributory negligence was whether divider was wide enough, and same was true despite other, technically correct instructions. Miocic v. Winters (2 Dept. 1978) 66 A.D.2d 770, 410 N.Y.S.2d 863.

## § 1157. Pedestrians soliciting rides, or business

(a) No person shall stand in a roadway for the purpose of soliciting a ride, or to solicit from or sell to an occupant of any vehicle.

(b) No person shall stand on or in proximity to a street or highway for the purpose of soliciting the watching or guarding of any vehicle while parked or about to be parked on a street or highway.

(c) No person shall occupy any part of a state highway, except in a city or village, in any manner for the purpose of selling or soliciting.

(L.1959, c. 775; amended L.1967, c. 510.)

### Historical and Statutory Notes

**Derivation.** Vehicle and Traffic Law of 1929, § 1157, added L.1957, c. 698, § 4; and repealed by Vehicle and Traffic Law § 2314.

Said § 1157 of the Vehicle and Traffic Law was from subdivision 10 of § 88 of said 1929 Law, added L.1930, c. 156, § 3; amended L.1942, c. 742; repealed L.1957, c. 698, § 5. Said § 88 of the Vehicle and Traffic Law of 1929 was formerly § 89 and was renumbered 88 by L.1930, c. 756, § 3. Said § 88 derived from General Highway Traffic Law, §§ 15, 17, 19 and 20; repealed L. 1929, c. 54.

525