# UNITED STATES DISTRICT COURT

_____SOUTHERN_____ District of _____NEW YORK_____

THE GUARDIAN NEWS, INC.,

        Plaintiff,

-against-

CITY OF YONKERS, New York,

        Defendant.

**SUMMONS IN A CIVIL ACTION**

Case No.

**07 CIV. 3802**

**TO:** (Name and Address of Defendant)

CITY OF YONKERS, New York, 40 South Broadway, Yonkers, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY,

Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**       MAY 15 2007

CLERK                      DATE

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

THE GUARDIAN NEWS, INC.,

                      Plaintiff,

-against-

CITY OF YONKERS, New York,

                      Defendant.
----------------------------------------------------------x

FILED MAY 15 2007 USDC WP SDNY

07 Civ.

**COMPLAINT**

**07 CIV. 3802**

**Jury Trial Demanded**

Plaintiff THE GUARDIAN NEWS, INC., by its attorneys Lovett & Gould, LLP, for its complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory damages, as well as related declaratory and injunctive relief, proximately resulting from Defendant's regulatory ban on the placement of newsracks on public property for the purpose of distributing free-of-charge the weekly newspaper published by Plaintiff, which ban violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343, 2107.

1

## THE PARTIES AND THE MATERIAL FACTS

3. Plaintiff THE GUARDIAN NEWS, INC. is a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis Plaintiff publishes and disseminates, by *inter alia*, use of so-called newsracks, a free newspaper known as "The Westchester Guardian". That publication focuses on and reports about amongst other things municipal corporate corruption.

4. Defendant CITY OF YONKERS, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The City has adopted and enforces the following code provision, which provides in pertinent respect:

"§43-43

\*       \*       \*

J. Newspaper vending machines.

(1) Newspaper vending machines on private property may be Provided subject to the following conditions.

(a) No newspaper vending machine shall be located in any manner to obstruct pedestrian or vehicular traffic nor obstruct the vision of motorists at street intersections or driveway openings.

(b) No newspaper vending machine shall be bolted, chained or permanently or temporarily attached in any manner to any city-owned property such as lightposts or traffic signs.

2

(c) To the extent possible, newspaper vending machines shall be placed in a single row, next to one another, directly in front of the principal structure, and facing the roadway, and set as far back from the roadway as possible.

(d) Newspaper vending machines shall be kept in good working order. Newspaper vending machines which are not in use or which are inoperable shall be removed."

## AS AND FOR A FIRST CLAIM

5. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

6. Since Section 43-43(J)(1) completely bans the placement of newsracks on public property within the City, that code provision violates Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

7. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

8. Section 43-43(J)(1) on its face constitutes an impermissible prior restraint (without benefit of any time, place and/or manner limitations) on Plaintiff's exercise of its rights as so guaranteed, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

9. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "4", inclusive.

10. Under the premises Section 43-43(J)(1) has chilled Plaintiff in the exercise of its rights as so guaranteed, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. Declaring Section 43-43(J)(1) violative of Plaintiff's First Amendment rights,

b. Ordering the City to enact, consistent with Plaintiff's rights as guaranteed by the First Amendment, a code provision concerning the placement of newsracks on public property within the City,

c. Permanently enjoining Defendant from enforcing as against Plaintiff Section 43-43(J)(1) of its code,

d. Awarding such compensatory damages as the jury may determine,

e. Awarding reasonable attorney's fees and costs, and,

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
May 14, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401