**EXHIBIT 8**

**ATTORNEYS AT LAW**                                                                           26289

Captain Sal DiMaggio                    11/9/07              $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                           26290

Sgt. Anthony Casarelli                  11/9/07          .    $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                           26291

Sgt. Brian McCormack                    11/9/07              $40.00

re:  Zherka trial

TORNEYS AT LAW

26286

Edmund Fitzgerald                11/9/07            $40.00


re:  Zherka trial

√

ATTORNEYS AT LAW

26287

Robert Stanley                11/9/07            $40.00


re:  Zherka trial

J

TTORNEYS AT LAW

26288

Robert Greco                11/9/07            $40.00


re:  Zherka trial

J

Bill Tolly                          11/9/07              $40.00


re:  Zherka trial

---

**ATTORNEYS AT LAW**                                              26249

Anthony Derugierrio          11/9/07          $40.00


re:  Zherka trial

---

**ATTORNEYS AT LAW**                                          2625

Thomas Prete                  11/9/07          $40.00


re:  Zherka trial

**ATTORNEYS AT LAW**

26281

P.O. Paul Wood                          11/6/07                    $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**

26282

P.O. Thomas Cleary                      11/6/07                    $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**

26283

P.O. Richard Alaimo                     11/6/07                    $40.00

re:  Zherka trial

**ATTORNEYS AT LAW**                                                                 **26278**

     P.O. Shield #849                     11/6/07              $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                 **26279**

     P.O. Barahona                       11/6/07              $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                 **26280**

     P.O. Joseph Galinski                11/6/07              $40.00

re:  Zherka trial

John Fleming      11/6/07      $40.00

re: Zherka trial

---

**ATTORNEYS AT LAW**      26276

Charles Gardner      11/6/07      $40.00

re: Zherka trial

---

**ATTORNEYS AT LAW**      26277

P.O. Shield #980      11/6/07      $40.00

re: Zherka trial

**ATTORNEYS AT LAW**                                                                 26269

    David Mason                     11/6/07              $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                 26270

    John A. Liszewski                11/6/07              $40.00

re:  Zherka trial

---

**ATTORNEYS AT LAW**                                                                 26272

    David Simpson                    11/6/07              $40.00

re:  Zherka trial

**ATTORNEYS AT LAW**                                                                    26266

Charles Gardner                    11/5/07              $49.00

re:  Zherka

---

**ATTORNEYS AT LAW**                                                                    26267

Lawrence Porcari, Jr.              11/5/07              $49.00

re:  Zherka

---

**ATTORNEYS AT LAW**                                                                    26268

Philip Amicone                     11/5/07              $49.00

re:  Zherka

**ATTORNEYS AT LAW**                                                      26263

John A. Liszewski                    11/5/07          $49.00


re:   Zherka

---

**ATTORNEYS AT LAW**                                                      26264

John Fleming                         11/5/07          $49.00


re:   Zherka

---

**ATTORNEYS AT LAW**                                                      26265

David Simpson                        11/5/07          $49.00


re:   Zherka

**ATTORNEYS AT LAW**                                                                 26260

     P.O. Shield #849                    11/5/07              $49.00


    re:  Zherka

---

**ATTORNEYS AT LAW**                                                                 26261

     P.O. Shield #980                11/5/07              $49.00


    re:  Zherka

---

**ATTORNEYS AT LAW**                                                                 26262

    Edmund Hartnett                    11/5/07          $49.00


    re:  Zherka

P.O. Paul Wood                    11/5/07         $49.00

re:  Zherka

---

ATTORNEYS AT LAW                                          26258

P.O. Joseph Galinski              11/5/07          $49.00

re:  Zherka

---

ATTORNEYS AT LAW                                          26259

P.O. Barahona                     11/5/07          $49.00

re:  Zherka

David Mason                          11/5/07            $49.00

re:  Zherka

P.O. Richard Alaimo                  11/5/07            $49.00

re:  Zherka

P.O. Thomas Cleary                   11/5/07            $49.00

re:  Zherka

# EXHIBIT 9

# INVOICE

**SOUTHERN DISTRICT REPORTERS P.C.**

ID # 13-2775946
500 Pearl St
Room 330
New York, N.Y. 10007
U.S.A.
(212) 805-0300

| | |
|---|---|
| INVOICE NO. | 0096975-IN |
| INVOICE DATE | 11/16/2007 |

Lovett & Gould
222 Bloomingdale Road
White Plains, NY 10605

Attention: Jonathan Lovett

| | |
|---|---|
| CUSTOMER NO. | 1001396 |
| WORK ORDER NO. | 65452 |
| SALESPERSON | Alisson Emery |

| Job Date | GUARDIAN NEWS V AMICONE<br>CASE NO. 07CV07078 | | | | | |
|---|---|---|---|---|---|---|
| 11/13/2007 | Original | 187 | PGES | At | 2.220 | 415.14 |
| 11/14/2007 | Original | 158 | PGES | At | 2.220 | 350.76 |

| | |
|---|---|
| Net Invoice: | 765.90 |
| Less Discount: | 0.00 |
| Freight: | 0.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 765.90 |

Southern District Reporters                11/15/07            $765.90


re:  Guardian v Amicone trial transcript


| Job Date | GUARDIAN NEWS V AMICONE CASE NO.  07CV07078 | | | | | |
|----------|------------------|-----|------|----|-------|--------|
| 11/13/2007 | Original | 187 | PGES | At | 2.220 | 415.14 |
| 11/14/2007 | Original | 158 | PGES | At | 2.220 | 350.76 |


| | |
|---|---|
| Net Invoice: | 765.90 |
| Less Discount: | 0.00 |
| Freight: | 0.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 765.90 |

**EXHIBIT 10**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
RICHARD J. SASSI II,



                        Plaintiff,                         **CORRECTED**
                                                           **JUDGMENT**
             - against -
                                                           05 Civ. 10450 (CLB)
Clara Lou-Gould, Fred Antalek, Lee Kyriacou,               06 Civ. 4037  (CLB)
Deanna Leake, Eleanor Thompson, Sam Way,                   06 Civ. 6374  (CLB)
Mike Fasano, Joseph Braun, The City of Beacon,             [Consolidated]
New York, Elizabeth Foster, Steven Gold,
Charles Kelly, Phillip Shea
                        Defendants.
--------------------------------------------------------x
Brieant, J.

       This case having been tried by the Court and Jury on April 25, 2007, and a verdict having

been rendered, and the Court having made its Supplemental Findings of Fact and Conclusions of

Law dated May 7, 2007 with respect to the equitable issues in the case, and the Consolidated

action having been dismissed prior to trial as against Defendants Clara Lou-Gould,

Fred Antalek, Lee Kyriacou, Deanna Lake, Eleanor Thompson, Sam Way, Mike Fasano,

Joseph Braun, Elizabeth Foster, Steven Gold and Charles Kelly, on all papers and proceedings

had herein, it is;


       ORDERED, ADJUDGED AND DECREED:  that plaintiff Richard J. Sassi II  recover

from the defendant **City of Beacon, New York** his damages in the amount of $100,000.00,

and it is further;


       ORDERED, ADJUDGED AND DECREED:  that Local Law No. 6 of 2005 as adopted

-1-

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

by the **City Council of the City of Beacon** is **VOID** as against the public policy and statutes of

the State of New York, and also that it was intentionally enacted, directed by its terms, solely to

Plaintiff and his father, in order to punish Plaintiff for his father's exercise of his rights under the

First Amendment of the United States Constitution; and it is further;

ORDERED, ADJUDGED AND DECREED: that Plaintiff recover from the defendant

**City of Beacon, New York** together with reasonable attorney's fees and disbursements in the

action, as fixed and allowed in the amount of $66,326.38, **making a total Judgment** of

$166,326.38, and it is further;

ORDERED, ADJUDGED AND DECREED: that the Clerk of this Court shall forward

certified copies of this Judgment to the Secretary of State of New York and the Clerk of the **City**

**Council of the City of Beacon, New York** in order that the said Local Law No. 6 of 2005 may

be duly noted as void and expunged, and the case is hereby closed.

SO ORDERED.

Dated: White Plains, New York
     May 15, 2007

                                      _Charles Brieant_
                                      Charles L. Brieant, U.S.D.J.

Judgement Filed:    _____
                    Clerk of the Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

RICHARD J. SASSI II,

                              Plaintiff,

          - against -

CLARA LOU GOULD, et al.,

                              Defendants.
------------------------------------------------------x



05 Cv. 10450 (CLB)
06 Cv. 4037 (CLB), *06 cv 6374 (CLB)*
[Consolidated]

*Memorandum and Order*
[Attorneys Fees]

Brieant, J

          Before the Court for resolution is the post-trial application by Plaintiff in this

Constitutionally based civil rights litigation against the City of Beacon and its officials.

Familiarity on the part of the reader with this entire litigation including the jury verdict and the

Court's equitable Findings of Fact and Conclusions of Law based on the record of the jury trial is

assumed.


          Our evaluation is informed by the recent decision of our Court of Appeals in *Arbor Hill*

*Concerned Citizens Neighborhood Association v. County of Albany*, 2007 U.S. App. Lexis 9300

(2d Cir., April 24, 2007), which seeks to simplify the award of legal fees and direct the manner in

which judicial discretion is to be exercised in connection therewith.  Under *Arbor Hill*, the fee,

formerly known as the "lodestar," is to be regarded henceforth as the "presumptively reasonable

fee." Absent unusual circumstances, the fee will be will be based on rates generally established

in the forum.  The Court may thereafter adjust the hourly rate either upward or downward, in

reliance on "all of the case-specific variables...identified as relevant to the reasonableness of

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

-1-

attorneys fees, setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying

client would be willing to pay. In determining what rate of pay a client would be willing to pay,

the district court should consider among other things the *Johnson v. The Georgia Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), factors; it should also bear in mind what a

reasonable, paying client would pay who wishes to spend the funds necessary to litigate the case

effectively.

This Court now proceeds under *Arbor Hill*. Plaintiff seeks an award of $74,107.00 and

disbursements in the amount of $1,963.18. The Court perceives no problem with the

disbursements and they are allowed.

The application shows that Jonathan Lovett, trial attorney for Plaintiff and senior partner

in Lovett & Gould of White Plains, New York, expended 148.4 hours as evidenced by time slips

but seeks remuneration for 151.9 hours. This is not explained, but may reasonably extend to the

work which will be necessary to wrap up the litigation, enter the judgment and close the file.

Plaintiff also seeks reimbursement for 17.7 hours worked by Attorney Kim Berg, of the same

firm. Plaintiff argues that the proper hourly rate is $450.00 for Attorney Lovett and $325.00 for

Attorney Berg.

Defendant, as might be expected, after mounting an unrelenting defense on the merits,

has imposed a scattershot attack on the amount requested. The first issue raised is the extent to

which Plaintiff should be regarded as a prevailing party.

-2-

Defendant asserts (Kelly Aff. at ¶ 6) that "Plaintiff obtained only limited success in the matter. One of his three actions was dismissed in its entirety at the summary judgment stage and the jury found in his favor on only two of the three claims put forth by the Plaintiff." This statement is true as far as it goes, but does not give a fair picture of the litigation. Plaintiff had significant success in the claims actually litigated except for the Sergeant promotion. As to that, although there has been excessive overtime accrued in the Beacon Police Force, due to insufficient people, and in the past the City regularly chose the top name or names on the Civil Service Eligibility Lists to fill vacancies (Mr. Sassi having at present the top score listed), no decision had yet been made to fill the job. The jury was entitled to believe this to be true, and no retaliation liability follows until at least somebody is promoted to Sergeant. This controversy remains inchoate. The job of Sergeant of Police will eventually be filled, and it was not necessarily bad lawyering to bring the issue up at this time.

All lawyers and judges know that litigation is wasteful, and many times claims are included in pleadings which do not actually reach the jury. As a practical matter, those claims which were not successfully prosecuted in this case have minimal effect on the presumptively reasonable fee, and no downward adjustment needs to be made with respect thereto.

Defendant also argues that "Plaintiff's attorneys work in a small firm located in White Plains, not a large New York City firm with substantial overhead. The firm letterhead of Lovett & Gould as filed with this Court on more than once (sic) occasion, establishes that only four attorneys work at the firm. As a result, Plaintiff cannot recover fees and amounts equal to those

awarded to large firms."

    If intended as a statement of law, that is at least an extreme oversimplification. It is not necessarily true that the large law firms are more efficient, or that they necessarily bring to bear on non-governmental civil lawsuits the economies of scale which would ordinarily be expected when a large number of lawyers are dividing the rent and fixed overhead. In actuality, the firm of Lovett & Gould appears to be large enough and efficient enough to maintain a fairly large docket of cases in state and federal courts, practically all of which are in the area of civil rights or employment discrimination. Because four attorneys appear to be adequate to maintain the operation, this Court should not, in connection with its fee decisions, attempt to tilt the market in favor of large offices, many of which are inefficient because of their size, against small firms many of which are highly efficient, nor should our decisions distort the market in favor of larger firms.

    This Court believes that the hypothetical reasonable paying client in *Arbor Hill* will require a properly run law firm of any size to permit lower paid people to do as much of the work as can be delegated efficiently. The Court therefore proposes to allow fees based on a blended rate which would be reasonable without regard to which attorney actually did the work, or the billing rate of that attorney. Often, work assignments in any size firm are purely fortuitous. The available attorney attends a calendar call and if a brief or pleading is overdue, the available attorney cranks it out without regard to hourly rate or seniority. A reasonable blended hourly rate in this community based on a presumption that lead counsel shall perform about a third of the

-4-

work is now found to be $345.00 per hour.

Numerous *Johnson* factors in this case support a higher presumptively reasonable fee. Specifically, the case involved an issue as to the validity of Local Law 6 which goes beyond the typical action for money damages. Plaintiff prevailed, resulting not only in beneficial equitable relief for Plaintiff, but the juridical relationships of the City with all future job applicants was altered for the better as a result of Plaintiff's efforts. The presence of this issue invokes several of the *Johnson* factors including a higher level of skill required to perform the legal service properly, and the better results obtained.

The case was prosecuted on a contingent fee basis, and while *Arbor Hill* does not appear to refer directly to that issue, the Court of Appeals now requires that the hourly rate be a reasonable rate a paying client, who wishes to spend the minimum necessary, would be willing to pay. Also implicit in *Arbor Hill* is that a reasonable rate is also the rate that a reasonable attorney would demand to refrain from throwing the contingent fee client out of the office. This aspect of the decision of whether to accept a case is included indirectly in *Johnson* Factor No. 4. Also involved as a *Johnson* adjustment, as a case specific variable to the presumably reasonable fee, is the difficulty of the work.

This was a brief but difficult trial. Certain public officials who should have been expected to turn up at trial and justify their actions, not only to this Court, but to the citizens of the City of Beacon, allegedly evaded Plaintiff's subpoena. While whether they did so was not

-5-

actually adjudicated in the trial, one would have expected elected officials to stand up for their public decision making. All did not.

More than one City Official testified at trial that he or she "did not remember" things which one would expect an ordinarily competent official to remember. Others attempted to hang responsibility on the co-defendant City Administrator, claiming that the Administrator had not informed them of relevant facts concerning the operation of the City Government, which one would normally expect as a matter of course an experienced and respected City Administrator would tell a Council member. As a result of pretrial orders made by the Court and concessions by Plaintiff's counsel, when the case finally went to trial, the City of Beacon was the only defendant, but the presence of these difficulties involving the individual defendant/witnesses was a factor which demanded extra skill and effort.

It is appropriate to make an upward adjustment which would cover the contingent nature of the work,[1] the special difficulties encountered in the trial of this particular case, and the other case specific *Johnson* issues already noted. The Court ascribes 10% to that adjustment and concludes that a reasonably prudent client attempting to be fair, and negotiating a reasonable fee, would be willing to pay such an adjustment.

---

[1] Historically before fee shifting by statute became so popular, lawyers were required by custom, having a basis in ethics, to take work of this sort on a one-third contingency. This was unsuccessful because it meant that deserving cases were often rejected because of the inability to anticipate a large enough verdict to justify the necessary work. Also, verdicts historically have not risen with the same degree of rapidity as have the hourly fees charged by competent lawyers for non-contingent work.

-6-

This Court concludes in light of the *Arbor Hill* case and all relevant information before the Court on this record, that the fees of Plaintiff's attorney should be and they are hereby allowed in the amount of $ 64,363.20, together with disbursements in the amount of $ 1,963.18, amounting to a total of $66,326.38, to be recited in the judgment and to accrue post-judgment interest at the federal rate from the date of judgment to the date of payment.

X

    X

        X

          X

            X

SO ORDERED.

Dated: White Plains, New York
        May 11, 2007

Charles L. Brieant, U.S.D.J.