UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

THE GUARDIAN NEWS, INC. and
SELIM ZHERKA                                    07 Civ. 7078 (CLB)
                         Plaintiff,

       -against-

PHILIP AMICONE, et. al,

                         Defendants.

------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF APPLICATION FOR AN
AWARD OF ATTORNEYS' FEES AND LEGAL COSTS**

Preliminary Statement

This memorandum of law is submitted in support of Plaintiffs' application for an award of attorneys' fees and legal costs.

Background

Plaintiff brought this action pursuant to 42 U.S.C. §1983 for violations of their First Amendment rights. In that connection they waived any claims of damages and sought only permanent injunctive relief. On November 13 and 14, 2007, a bench trial was conduct and the Court reserved decision. By memorandum and order dated March 3, 2008, the Court granted the relief requested and, having determined Plaintiffs to be the prevailing

1

parties determined that they were entitled to an award of attorneys.

## POINT I

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES AND LEGAL COSTS

Prevailing parties in §1983 actions are entitled to an award of "reasonable attorney's fees" and costs. 42 U.S.C. §1988.

A party who wins a permanent injunction in a civil rights action is a "prevailing party" because the award materially alters the relationship between the parties. Farrar v. Hobby, 113 S.Ct. 566, 573-4 (1992); Bridges, et al v. Eastman Kodak, 102 F.3d 56 (2d Cir., 1996), cert. denied, 520 U.S. 1284 (1997); see also, Lyte v. Sara Lee Corp., 950 F.2d 101 (2d Cir 1991).

On March 3, 2008, the Court in the instant action found that Plaintiffs' federal civil rights were systematically violated by the Defendants. The Court thus granted permanent injunctive relief. Under the circumstances it is self-evident that Plaintiff is a "prevailing party". Farrar, Hewitt, and Marbley, supra.

Accordingly, the Court must determine what award, in its discretion, constitutes "reasonable attorney's fees". Marbley, 57 F.3d at 235. Given the apparently changing standards as articulated by at least one panel in the Second Circuit [Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 484 F.3d 162 (2d Cir. 2007)] we submit in the alternative two methods of calculating the fee in the instant case.

Based upon the Arbor Hill criteria, in a case where Jonathan Lovett and one of his associates (Kim Berg) both submitted time records in connection with a fee award [Sassi II, annexed as Exhibit 7], Judge Brieant recently awarded a "blended" hourly rate of $345 premised on the presumption that Lovett as lead counsel performed at least one-third of the work in connection with the litigation. In the instant matter Lovett alone worked on the law suit from commencement to final determination - - a circumstance that we submit justifies an hour rate for him in the amount of $450.

Were Arbor Hill's analysis not to be considered, the lodestar calculation should, we submit, be calculated as set forth *infra*.

In determining the amount of fees, it was/is well settled that "'the degree of the Plaintiff's overall success goes to the reasonableness of the fee award.'" Farrar, 113 S.Ct. at 574 *quoting* Texas State Teachers Ass'n v. Garland Independent School District, 109 S.Ct. 1486, 1494 (1989). Indeed, "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" Farrar, 113 S.Ct. at 574 *quoting* Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

The Court must also consider "the significance of the legal issue on which Plaintiff claims to have prevailed." Id., *citing* Garland, 109 S.Ct. at 1493. In addition, the Court must consider whether the victory "also accomplished some public goal other

than occupying the time and energy of counsel, court, and client." Id.

The Court's determination of this case supports Plaintiffs' claim of complete success. Moreover, Plaintiff's suit accomplished an extremely important public goal of exposing and putting an end to systemic, unconstitutional First Amendment practices indulged in by the City of Yonkers, its Mayor, Police Commissioner, other high ranking members of the City's administration and numerous police officers in the City's employ.

Under the circumstances Plaintiffs are manifestly entitled to attorney's fees and legal costs under a private attorney general theory. Farrar, supra.

Plaintiff's fee award should also include a component for all reasonable out-of-pocket expenses not normally considered to be covered by law office overhead. Carrero v. New York City Housing Authority, 685 F.Supp. 904, 909 (S.D.N.Y. 1988); Lenihan v. City of New York, 640 F.Supp. 822, 830 (S.D.N.Y. 1986); Williamsburgh Fair Housing Committee v. Ross-Rodney Housing Corp., 599 F.Supp. 509, 522 (S.D.N.Y. 1984).

Moreover, the award should bear interest from the date of the order and/or judgment granting the award. 28 U.S.C. §1961; Spain v. Mountanos, 690 F.Supp. 742, 747 (9th Cir. 1982); Lichtig v. Kisslinger, 89 Civ. 7981 (S.D.N.Y. 1990)(CLB).

## POINT II

**PLAINTIFF SHOULD BE AWARDED
ATTORNEY'S FEES IN THE AMOUNT OF $42,480
AND LEGAL COSTS IN THE AMOUNT OF $6,631.20
WITH INTEREST FROM THE DATE JUDGMENT IS ENTERED**

In the Second Circuit, the pre Arbor Hill well settled method of calculating the lodestar figure for purposes of attorney's fee awards "begins by multiplying the hours counsel has reasonably spent on the case by a reasonable hourly rate." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006); Bridges v. Eastman Kodak Co., 1996 WL 47304, 9 (S.D.N.Y. 1996) *citing* Hensley, 461 U.S. at 433

The result is then adjusted, in the Court's discretion, depending on a variety of factors including *inter alia* the risks assumed by counsel in accepting the case, the complexity of the issues presented, and the skill of the attorney. New York Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983).[1]

Maintenance of contemporaneous time records identifying the work done, the attorney performing same, and the date and the amount of time consumed are a mandatory prerequisite. Id. at

---

[1] In considering a fee application, the list of factors the Court may consider includes: "1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the 'undesirability' of the case; 11) the nature and length of the professional relationship with the client; and, 12) awards in similar cases." Bridges, 1996 WL 47304 at 9-10 (S.D.N.Y. 1996), *citing* Hensley, 461 U.S. at 430 n. 3.

1147-8. In addition, under ordinary circumstances counsel is entitled to fees for time expended preparing the fee application itself. Id. at 1148.

Consistent with Plaintiff's obligations, contemporaneous time records were maintained in this action (see time slips/records annexed to accompanying affirmation of counsel). Those records reveal that Jonathan Lovett, a partner in Lovett & Gould, expended a total of 90.2 hours in the prosecution of this action.

Given the nature of the case, the difficulty in proving the type of claim at issue in this case, and the risk assumed by counsel in agreeing to prosecute this case on a contingency fee basis, the number of hours expended was entirely reasonable.

In connection with a fee application nearly fourteen years ago, this Court approved Mr. Lovett's hourly rate at $250 per hour. Shanes-Hernandez v. Clementoni, 94 Civ. 4171 (CLB). Eight years ago this Court awarded him fees in the sum of $300 per hour. Moskowitz v. Coscette, 98 Civ. 7334 (GAY); see also Ward v. New York City Transit Authority, 1999 WL 446025 (S.D.N.Y.).

On the basis of these hourly rates and the documented time expended in connection with the prosecution of this action, Plaintiffs are entitled to a fee award in the amount of $42,480.

In addition, out-of-pocket expenses which are thoroughly documented (see annexed exhibits) are sought in the amount of $6,631.20.

## Conclusion

Attorney's fees in the amount of $42,480 and legal costs in the amount of $6,631.20 for a total of $49,111.20 should be awarded with a direction that interest shall accrue on that sum from the date of entry pursuant to 28 U.S.C. §1961.

Dated: White Plains, NY
       March 13, 2008

LOVETT & GOULD, LLP.
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, NY 10605
(914)428-8401